NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

QUINEL JAMES McGHEE, *Appellant*.

No. 1 CA-CR 16-0385
FILED 5-2-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-125690-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew C. Marcy
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

J O H N S E N, Judge:

**¶1**          Quinel James McGhee timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from his conviction of burglary in the second degree, a Class 3 felony.  McGhee's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  McGhee was given the opportunity to file a supplemental brief, but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm McGhee's conviction and sentence, but modify the judgment to correct an error.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          Officers responded to a neighbor's report of a possible home burglary in progress.[1]  They apprehended McGhee several minutes later on a nearby street.  At the home in question, officers found an open second-story window—accessible through the backyard—and a black suitcase in the backyard.  The suitcase contained a desktop computer, an iPad, an iPod touch, several digital cameras, miscellaneous jewelry and watches.  The victim identified the property, including the suitcase, as belonging to him and explained that the items had been inside the house when he left for work that morning.  McGhee's mobile phone also was found in the suitcase, and McGhee's fingerprints were on the monitor of the desktop computer.

**¶3**          McGhee was charged with one count of burglary in the second degree, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1507 (2017).[2]  After a jury found him guilty, McGhee stipulated he was

---

[1]          Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against McGhee.  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

[2]          Absent material revision after the date of the alleged offense, we cite a statute's current version.

on probation at the time of the offense. The court imposed a presumptive sentence of 6.5 years and credited McGhee with 356 days of presentence incarceration credit.

**¶4** McGhee timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

## DISCUSSION

**¶5** The record reflects McGhee received a fair trial. He was present at all critical stages of trial, and was represented by counsel at all stages of the proceedings against him. The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing, but the record does not suggest a question about the voluntariness of McGhee's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

**¶6** The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charge and properly instructed it concerning the burden of proof, the presumption of innocence, reasonable doubt and the necessity of a unanimous verdict. The jury returned a unanimous verdict. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence on the crime of which McGhee was convicted.

## CONCLUSION

**¶7** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. We affirm the conviction and the resulting sentence, but modify the judgment of conviction dated May 25, 2016, to state not that McGee entered a plea of guilty but that he was convicted by a jury.

**¶8** Defense counsel's obligations pertaining to McGhee's representation in this appeal have ended. Defense counsel need do no more than inform McGhee of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, McGhee has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion

for reconsideration.  McGhee has 30 days from the date of this decision to proceed, if he wishes, with a pro per petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA